# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TERRIE VAVREK, et al., )<br>)<br>    Plaintiffs, )<br>)<br>    v. )<br>)<br>INTERNATIONAL UNION, UNITED )<br>AUTOMOBILE, AEROSPACE and )<br>AGRICULTURAL IMPLEMENT )<br>WORKERS, UAW; and )<br>UAW LOCAL #5, )<br>)<br>    Defendants. ) | Cause No. 3:14-CV-1903-TLS |

## OPINION AND ORDER

The eighteen Plaintiffs in this case are suing their recognized collective bargaining representatives [collectively, the Unions], for breaching their duty of fair representation. Count I is based on the Defendants' failure to fairly represent the Plaintiffs during the negotiation of an April 2011 collective bargaining agreement. Count II alleges that the Defendants breached the duty by making false representations of fact to the Plaintiffs regarding the status of their internal union appeals. The Defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on res judicata grounds. The Defendants argue that this cause of action involves the same parties, operative facts, and claims as a previously filed suit that resulted in final judgment being entered in the Defendants' favor.

## BACKGROUND AND COMPLAINT ALLEGATIONS

The Plaintiffs work at AM General's Commercial Assembly Plant in Mishawaka, Indiana. At all relevant times, the Union Defendants have been the recognized collective bargaining representative for the bargaining unit of employees at the AM General Commercial

Assembly Plant, which includes the Plaintiffs. In April 2011, the Defendants negotiated a six-year collective bargaining agreement with AM General for the Commercial Assembly Plant.

A.  **The December 2011 Litigation**

In December 2011, the Plaintiffs filed a lawsuit in the Northern District of Indiana against the Defendants alleging unfair representation, in Cause No. 3:11-CV-498-WCL-CAN. The Plaintiffs asserted that, during the negotiations for the 2011-2017 collective bargaining agreement, the Defendants negotiated favorable treatment with respect to wages and benefits for certain employees, but failed to fairly represent the Plaintiffs. According to the complaint allegations, the Plaintiffs did not receive the same favorable terms and compensation levels as these other employees, even though they share similar seniority, skills, and responsibilities.

The Defendants answered the complaint and asserted, as an affirmative defense, that the Plaintiffs' claim was barred because they failed to exhaust Union remedies prior to filing the lawsuit. The Defendants repeated these arguments as a basis for summary judgment. They argued that it was undisputed that the Plaintiff failed to exhaust remedies under the UAW Constitution, and asserted that they were entitled to summary judgment because the internal Union remedies could have resulted in complete relief for the Plaintiffs in the form of monetary damages. In response to the motion for summary judgment, the Plaintiffs requested additional time to pursue administrative appeals of their original claims of unfair representation regarding the contract negotiations, and to also pursue appeals regarding misrepresentations they alleged the Unions made to them regarding the status of their appeals. Specifically, several of the Plaintiffs presented evidence that union officials made statements that caused them to believe

that all internal union remedies had been exhausted. The Plaintiffs also requested to have the matter stayed or dismissed without prejudice to allow the Plaintiffs to exhaust these appeals.

The Defendants objected to the Plaintiffs' request for an extension or stay to pursue administrative appeals. They argued that their summary judgment request was premised on the Plaintiffs' failure to exhaust their internal Union appeals prior to bringing the 2011 lawsuit, and that the filing of internal appeals in April 2013 could not cure Plaintiffs' failure to exhaust their internal appeals prior to filing the 2011 lawsuit. The Plaintiffs countered that their internal appeals could render the Defendants' summary judgment motion moot. They asked the court to grant the extension motion, or, alternatively, to dismiss the 2011 lawsuit without prejudice or stay the litigation to facilitate the internal appeal process. A magistrate judge denied the motion for an extension of time to respond to the Defendants' motion for summary judgment, stating that there was no reason to delay ruling on the summary judgment motion where the arguments in support of an extension were so closely tied to the summary judgment motion itself.

On August 13, 2013, the court granted summary judgment in favor of the Defendants. The Plaintiffs were still processing their appeals through the UAW channels when summary judgment was granted. After the UAW President denied the Plaintiffs' appeals and declined to process them in accordance with the UAW bylaws, the Plaintiffs filed this Complaint alleging two counts of breach of fair representation.

**B.    The Current Litigation**

On September 16, 2014, the Plaintiffs filed the Complaint in this cause of action against the Defendants. The allegations in paragraphs 1 through 13 of the Complaint mirror the

allegations of paragraphs 1 through 13 of the 2011 complaint. Count I of the Complaint alleges that the Union breached the duty of fair representation owed to the Plaintiffs in connection with the negotiation of the 2011–2017 collective bargaining agreement.

Additionally, the Plaintiffs allege that the Defendants' representatives misled them into believing that they had exhausted the internal appeals process before they filed the 2011 lawsuit. The Plaintiffs further allege that they learned in April 2013 that the Union had not processed any internal appeals, and subsequently filed internal appeals regarding the Defendants' alleged unfair representation. These appeals were processed to completion when the President of the International Union provided correspondence denying their appeals. Based on these factual allegations, the Plaintiffs claim, in Count II, that the Defendants breached the duty of fair representation by making false representations with respect to internal appeals brought by the Plaintiffs.

## STANDARD OF REVIEW

When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court must accept all of the factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Under the liberal notice pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not contain detailed facts, but surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter to "state a claim that is

plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The Plaintiffs argue that, because res judicata is not one of the affirmative defenses that Rule 12(b) permits to be made by motion rather than in the answer to the Complaint, the Defendants should have filed an answer raising the defense, and then moved for judgment on the pleadings under Rule 12(c). A court, however, must review the pleadings under a Rule 12(c) motion under the same standard that applies when reviewing motions to dismiss for failure to state a claim under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp,* 499 F.3d 629, 633 (7th Cir. 2007); *see also Vinson v. Vermilion Cty., Ill.*, — F.3d —, 2015 WL 343673, at *2, No. 12-3790 (7th Cir. Jan. 27, 2015) ("A dismissal under Rule 12(b)(6) and judgment on the pleadings under Rule 12(c) both employ the same standard: the complaint must state a claim that is plausible on its face.") Further, the Plaintiffs have responded to the merits of the Defendants' arguments. Therefore, the Court will proceed to rule on the 12(b)(6) Motion.

## ANALYSIS

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies[.]" *Ross v. Bd. of Educ. of Tp. H.S. Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2008) (internal citation and quotation marks omitted). The doctrine of res

5

judicata, or claim preclusion, holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citing *Cromwell v. Cnty. of Sac.*, 94 U.S. 351, 352 (1876)). "The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). "The doctrine of res judicata 'promotes predictability in the judicial process, preserves the limited resources of the judiciary, and protects litigants from the expense and disruption of being haled into court repeatedly.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 735–36 (7th Cir. 2014) (quoting *Palka v. City of Chi.*, 662 F.3d 428, 437 (7th Cir. 2011)). Claim preclusion has three elements: (1) an identity of the parties or their privies in the first and second lawsuits; (2) an identity of the cause of action; and (3) a final judgment on the merits in the first suit. *Adams*, 742 F.3d at 736.

**A.    Count I**

"A union has broad authority as the exclusive bargaining agent for a class of employees." *Garcia v. Zenith Elecs. Corp.*, 58 F.3d 1171, 1175 (7th Cir. 1995). "To balance the power bestowed upon a union to exclusively represent all employees in employment disputes, a concomitant duty of fair representation is owed by the union to each of its members." *Nemsky v. ConocoPhillips Co.*, 574 F.3d 859, 865 (7th Cir. 2009) (internal quotation marks and brackets omitted). A union breaches its duty to fairly represent a member where its conduct toward a member is "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). The rule announced in *Vaca v. Sipes* "applies to all union activity, including contract negotiation." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991); *see also Yeftich v.*

6

*Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013) (stating that the union's obligation to serve the interests of all without discriminating toward any, to exercise its discretion in good faith, and to avoid arbitrary conduct "exists through the negotiation of a collective-bargaining agreement and during administration of the agreement"); *Schultz v. Owens-Illinois, Inc.*, 696 F.2d 505, 514 (7th Cir. 1982) (acknowledging that a duty of fair representation case may allege a breach in the negotiation of a collective bargaining agreement).

In each of the Plaintiffs' actions, they allege in Count I that the Defendants breached the duty of fair representation in connection with the negotiation and ratification of the labor contract. The claim preclusion element in dispute with respect to Count I is whether the previous court issued a final judgment "on the merits" when it disposed of the claim. As the Plaintiffs describe it, they filed union appeals during the pendency of the initial litigation and asked for the matter to be stayed or dismissed without prejudice, but the court did not grant the Plaintiffs' motion and instead granted summary judgment to the Defendants. However, the court did so without determining if there was a breach of the duty of fair representation and, therefore, without deciding the merits.

The Defendants take a contrary view, asserting that the judgment issued in their favor was on the merits as that term is understood in the claim preclusion context. The Defendants contend that where there is a finding that the plaintiffs did not exhaust the available internal union remedies that could have afforded them complete relief, and the failure to exhaust is not excused by the court, there is no legal right to bring a fair representation claim. According to the Defendants, "[t]he determination that plaintiffs have failed to exhaust their internal remedies is . . . not a procedural finding, like a conclusion that jurisdiction is lacking or that there was

7

improper service of process or venue, that does not constitute a final judgment under the res judicata standard." (Defs.' Reply 7, ECF No. 14.)

> Rather, the exhaustion precedent makes it clear that a plaintiff's legal right to bring a fair representation claim extinguishes with the finding that the plaintiff failed to exhaust internal union remedies that could have afforded complete relief. A finding that the exhaustion requirement has not been met therefore goes directly to the factual and legal sufficiency of the claim that the union breached its duty of fair representation.

(*Id.*)

**1.** *The Court's Decision in the December 2011 Litigation*

In *Clayton v. UAW*, 451 U.S. 679, 689 (1981), the Supreme Court determined that "courts have discretion to decide whether to require exhaustion of internal union procedures," *id.* at 689, where those "internal union appeal procedures can result in either complete relief to an aggrieved employee or reactivation of his grievance," *id.* at 692. The Court identified at least three factors to consider in determining whether an employee should be required to first exhaust internal remedies. If any of the following factors were found to exist, a court could properly excuse an employee's failure to exhaust:

> first, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim.

*Id.* at 689.

In the Plaintiffs' previous litigation, the court decided, after consideration of the relevant *Clayton* factors, not to excuse the Plaintiffs' failure to exhaust internal union appeals. *Vavrek v.*

*UAW*, 2013 WL 4090931, at *4–5, Cause No. 3:11-CV-498-WCL-CAN (N.D. Ind. Aug. 13, 2013). The court did so on the reasoning that the Plaintiffs should have made themselves aware of the nature and availability of union remedies despite assurances by Union representatives that a grievance was already in the appeals process and nothing more could be done, and that some of the relief the Plaintiffs sought could have been obtained through the internal appeals process. The court further held that a stay was not appropriate to wait for the outcome of pending grievances because the law required exhaustion prior to filing suit.

2. *Judgment on the Merits*

"In general, a judgment will be considered on the merits if it is rendered upon consideration of the legal claim, as distinguished from consideration of an objection to subject-matter jurisdiction, personal jurisdiction, service of process, venue, or any other ground that does not go to the legal or factual sufficiency of the claim to relief." 18-131 Moore's Fed. Practice-Civil § 131.30[3][a]. However, the requirement that a judgment be "on the merits" is misleading "because many dispositions short of trial are considered 'on the merits' for claim preclusion purposes even though the validity of some or all of the theories of liability, claims for relief, and defenses of the parties may remain undetermined." *Id.*

It is clear that a dismissal for want of jurisdiction does not preclude a court of competent jurisdiction from reaching the merits of the claim in a subsequent suit. *Harper Plastics, Inc. v. Amoco Chems. Corp.*, 657 F.2d 939, 943 (7th Cir. 1981). Instead, the dismissal would preclude subsequent litigation to determine whether the first court had jurisdiction. *Id*; *see also Okoro v. Bohman*, 164 F.3d 1059, 1064 (7th Cir. 1999) (finding that the only binding effect of dismissals

9

for want of jurisdiction "was to prevent [the plaintiff] from filing a new suit with the same jurisdictional defect"). As one treatise explains:

> Ordinarily, a judgment for the plaintiff is necessarily a judgment on the merits, since a judgment granting the requested relief necessarily establishes the claim. However, the defendant may sometimes prevail because the court determines that it has no subject matter jurisdiction, that personal jurisdiction of defendants or of indispensable parties is lacking, that venue is improper, or that plaintiff has failed to comply with some prerequisite to filing suit, *such as exhaustion of administrative remedies*. In such cases, the resulting judgment of dismissal is not a determination of the claim, but rather a refusal to hear it, and the plaintiff may thereafter pursue it in an appropriate forum or when the preconditions have been met.

18-131 Moore's Fed. Practice-Civil § 131.30[3][b] (emphasis added). The Restatement of Law-Judgments, states:

> A valid and final personal judgment for the defendant, which rests on the prematurity of the action or on the plaintiff's failure to satisfy a precondition to suit, does not bar another action by the plaintiff instituted after the claim has matured, or the precondition has been satisfied, unless a second action is precluded by operation of the substantive law.

Restatement (Second) of Judgments § 20 Judgment for Defendant—Exceptions to the General Rule of Bar (1982). *See also Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008) (finding that exhaustion of administrative remedies in managing prisoner litigation is matter in abatement and not generally an adjudication on the merits); *Murthy v. Vilsack*, 609 F.3d 460, 466 (D.C. Cir. 2010) ("[W]here an action is prematurely filed or the plaintiff has failed to satisfy a precondition to suit, a final judgment for the defendant does not bar another action by the plaintiff instituted after the claim has matured, or the precondition has been satisfied.").

In support of their res judicata defense, the Defendants cite the Seventh Circuit's decision in *Kratville v. Runyon*, 90 F.3d 195 (7th Cir. 1996). In *Kratville*, the court held that "[a] decision by a federal court that a statute of limitations or an administrative deadline bars an action is a

decision on the merits for purposes of claim preclusion." *Id.* at 198. However, in *Kratville,* the plaintiff not only failed to exhaust her administrative remedies, but the time for doing so had passed. At the time of the original employment discrimination complaint, the defendant submitted that the relevant administrative deadlines had passed, rendering the claims time barred. *Id.* The court granted summary judgment to the defendants, and then dismissed her subsequent suit against the same defendants on claim preclusion grounds.

The procedural posture of *Kratville* is much like *Stevens v. Northwest Indiana District Council, United Board of Carpenters*, 20 F.3d 720 (7th Cir. 1994). In *Stevens*, the district court dismissed the plaintiffs' claim against their union on grounds that they failed to properly exhaust their intra-union remedies. In concluding that the district court did not err in dismissing the plaintiffs' claim for failure to exhaust, and upholding the court's grant of summary judgment, the Seventh Circuit wrote:

> Normally, failure to properly exhaust should lead a federal court to stay its hand until exhaustion can be completed (or the dispute resolved in the process). Here, however, exhaustion can never be completed because of the nature of the default; the thirty-day time for taking an appeal to the Executive Board has passed. As the district court ruled, foreclosure from a judicial remedy is the inevitable consequence of an unexcused and irremediable failure to exhaust.

*Stevens*, 20 F.3d at 733. Thus, it appears that the nature of default, including whether it is "irremediable" is significant to a determination whether a judicial action is foreclosed, or merely stalled until exhaustion can be completed.

The Defendants argue that the court's decision that the Plaintiffs failed to exhaust their administrative remedies is a determination that they have lost their right to advance a breach of the duty of fair representation claim against them. Under certain circumstances, this Court might agree—such as if the failure to exhaust was irremediable (and could never be completed)

because the time limits for exhaustion had already expired. Here, the court did not determine that the Plaintiffs' claims against the Defendants were time barred by an administrative deadline. Rather, the court exercised its discretion to determine that exhaustion of the Unions' internal appeals was a necessary prerequisite to filing suit against the Defendants for breach of the duty of fair representation—that is, the requirement was not excused— and the court's judgment was based on a finding that this prerequisite to suit had not yet been completed. The matter that is precluded from litigation in this suit, then, is the decision that exhaustion of administrative remedies was a necessary prerequisite to filing suit that was not excused or otherwise met at the time of the original suit. To challenge that finding, the Plaintiff would have had to file an appeal. The decision, which is not a determination of the claim but rather a refusal to hear it, does not operate as a bar to filing another suit where the Plaintiffs have pursued internal union appeals *before* filing suit.

"Where a final judgment has been rendered on the merits of a claim, res judicata protects the finality of that judgment and prevents parties from undermining it by attempting to relitigate the claim." *Palka*, 662 F.3d at 437. Here, the Plaintiffs are not attempting to relitigate the legal merits of a claim that was already decided. That is, there has been no decision on whether the Defendants acted arbitrarily, discriminatory, or in bad faith in negotiating the terms of the collective bargaining agreement, and res judicata is not a bar to litigating Count I.

**B.      Count II**

The district court did not issue a decision on the merits of whether the Defendants breached their duty of fair representation by misrepresenting the status of internal appeals. Thus,

Count II is not precluded.

## **CONCLUSION**

For the reasons stated above, the Union Defendants' Motion to Dismiss [ECF No. 7] is DENIED.

SO ORDERED on April 29, 2015.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION